# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

QIANNA LA'TRICE QUARTMAN,

    Plaintiff,

v.

OFFICER EPPERS, SGT. G. JANOS, OFFICER REEVES, OFFICER BRAYER, SGT. T. SMITH, CAPTAIN ANN DAHLBERG, and SUPERINTENDENT PAULA STOUDT,

    Defendants.

Case No. 20-CV-1435-JPS

**ORDER**

    Plaintiff Qianna Quartman, an inmate confined at the Robert E. Ellsworth Correctional Center, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Defendants, on multiple occasions, violated her constitutional rights by opening her legal mail. This order resolves Plaintiff's motions for leave to proceed without prepaying the filing fee and screens her amended complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when she filed her complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with her case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She must then pay the balance of

the $350 filing fee over time, through deductions from her prisoner account. *Id.*

On September 21, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $70.02. (Docket #5). Plaintiff paid that fee on October 8, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2).[1] She must pay the remainder of the filing fee over time in the manner as later explained.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Plaintiff initially filed a complaint on September 14, 2020 (Docket #1), then filed an amended complaint on October 8, 2020, (Docket #8). The amended complaint supersedes the prior complaint and the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998) (citation omitted). Plaintiff's amended complaint is therefore the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1]Because the Court will grant Plaintiff's original motion for leave to proceed without prepayment of the filing fee, (Docket #2), Plaintiff's amended motion seeking the same, (Docket #9), will be denied as moot.

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual allegations that, accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A "frivolous" complaint "lack[s] an arguable basis either in law or fact." *Felton v. City of Chi.*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States, and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that Defendants—staff at the Wisconsin Department of Corrections ("DOC")—"conspired to interfere with [her] civil rights" by opening her incoming mail from the "Ozaukee County Courthouse," "State of Wisconsin Department of Justice," and "United States District Court of the Eastern District." (Docket #8 at 2–3, 7–8). She contends that by repeatedly[2] opening her legal mail outside her presence, Defendants have violated her constitutional rights under the First, Fifth, and Sixth Amendments, her rights under "Federal Law," and her rights under Wisconsin Department of Corrections regulations that require legal mail to be opened in the inmate's presence. (*Id.* at 3–4, 7). Plaintiff seeks monetary damages for the alleged violations. (*Id.* at 4).

Plaintiff alleges the first and second violations occurred on June 6, 2020, when Defendant Officer Eppers ("Eppers") or other staff in the DOC mailroom opened two pieces of legal mail outside her presence. (*Id.* at 2). One piece of mail was postmarked June 4, 2020 and was from the Ozaukee County Courthouse; the other was postmarked June 3, 2020 and was from the Wisconsin Department of Justice. (*Id.*)

The next day, June 7, Plaintiff reported the incident to Defendant Captain Ann Dahlberg ("Dahlberg"), who examined the two pieces of opened legal mail. (*Id.*) Plaintiff received a written response from Dahlberg about the incident. (*Id.*) After Dahlberg's response, Plaintiff reported the incident in writing to Defendant Superintendent Paula Stoudt ("Stoudt")

---

[2]Although Plaintiff parenthetically references "2nd," "3rd," "4th" and "5th" "violation[s]" (Docket #8 at 2–3, 7), there is no reference to a first violation. The Court therefore will treat the complaint as containing four alleged violations.

on June 8. (*Id.*) Stoudt responded to Plaintiff in writing on June 11, 2020. (*Id.*)[3]

Seemingly in response to Plaintiff's report to Stoudt, another DOC staff person, Captain Johnson, discussed the June 6 mail opening incidents with Plaintiff on June 11, 2020. (*Id.* at 3). While Captain Johnson was present with Plaintiff, another DOC staff person—Sergeant Gainer—notified Plaintiff of the alleged third violation. (*Id.*) Sergeant Gainer told Plaintiff that "'[her] legal mail ha[d] been opened again'" and then gave Plaintiff an opened letter from the Ozaukee County Courthouse, postmarked June 9, 2020. (*Id.*) Plaintiff alleges that Defendant Officer Reeves ("Reeves") or Defendant Officer Brayer ("Brayer") opened this piece of mail. (*Id.*)

Sometime after this incident, Plaintiff filed an "inmate complaint,"[4] though it is not clear whether her complaint addressed only the particular June 11 incident, or all three incidents that occurred on June 6 and 11. (*Id.*) Her complaint was dismissed; Plaintiff appealed the dismissal and her appeal was dismissed in part. (*Id.*). While the complaint appeal process was underway, Plaintiff states she received a "late response" from the prison Warden, though it is not clear which alleged violation(s) the Warden was responding to.[5] (*Id.*)

---

[3]Plaintiff cites Dahlberg's and Stoudt's written responses to her inmate complaints as "PROOF to this complaint" but neither is attached to the amended complaint. (*Id.*)

[4]At the screening stage, the Court does not consider whether Plaintiff exhausted her administrative remedies before commencing this litigation. However, Plaintiff's allegations about administrative remedies she has pursued are noted herein since Plaintiff included those details in her amended complaint.

[5]Plaintiff cites the Warden's written response as "PROOF to this complaint" but it also is not attached to the amended complaint. (*Id.*)

Plaintiff alleges that a fourth violation of her constitutional rights occurred on August 8, 2020. (*Id.* at 7). On this date, Defendant Sergeant T. Smith ("Smith") informed Plaintiff that she had opened, but not read or examined, Plaintiff's "legal Court mail," postmarked August 6, 2020, from the Eastern District of Wisconsin. (*Id.*) One or two days after that, Plaintiff notified Captain Johnson that Smith had opened Plaintiff's legal mail outside her presence. (*Id.*) Sometime thereafter, Plaintiff reported the incident both verbally and in writing to Stoudt, who responded in writing that the opening was not deliberate and that she would speak to the mailroom staff about the issue. (*Id.*)

Plaintiff states that she "did ICE this matter"—that is, she submitted a grievance about her legal mail being opened outside her presence to the Institutional Complaint Examiner ("ICE"). (*Id.* at 8). The Institutional Complaint Examiner—Dahlberg—dismissed her grievance. (*Id.*) Plaintiff alleges the dismissal was improper because Dahlberg, as one of the subjects of Plaintiff's grievance, had a conflict of interest in reviewing it. (*Id.*)

After the ICE dismissed her grievance, Plaintiff submitted a "DOC-2182," presumably the required form by which an inmate may appeal an adverse ICE determination. (*Id.*) Plaintiff submitted the DOC-2182 form by mail to the attention of the "Institution Complaint Examiner" at the Ellsworth Correctional Center address, but states that her form "somehow made it to Taycheedah Correctional Institution" instead. (*Id.*) After discovering the error, she resubmitted the DOC-2182 form. (*Id.*) She has not received a response from the DOC on either submission.

Plaintiff filed her initial complaint with this Court on September 14, 2020. (Docket #1). On September 26, Plaintiff requested in writing that Dahlberg provide the names of the officers who opened her mail on June 6

and June 11. (Docket #8-1 at 2). Dahlberg responded on September 29 that she had "looked into this" and that Plaintiff would need to have an attorney formally request that information from the DOC. (*Id.*) The next day, Plaintiff wrote back to Dahlberg to notify Dahlberg she was proceeding *pro se* and to inquire why the DOC would not provide the names of the officers involved in the June 6 and 11 incidents. (*Id.* at 4). Dahlberg responded on October 2 that Plaintiff would need to file a subpoena to compel the DOC to provide that information. (*Id.*) On October 8, 2020, Plaintiff filed an amended complaint against Defendants Eppers, Janos, Reeves, Brayer, Smith, Dahlberg, and Stoudt. (Docket #8).

### 2.3 Analysis

Plaintiff alleges Defendants violated her rights under the First, Fifth, and Sixth Amendments, "Federal Law," and state regulation. (*Id.* at 3–4, 7). For the reasons stated below, Plaintiff's amended complaint fails to state a claim upon which relief can be granted. Plaintiff will, however, be afforded an opportunity to file a second amended complaint.

#### 2.3.1 First Amendment and Access to Courts Claims

Plaintiff alleges that, by opening her legal mail, Defendants violated her First and Fifth Amendment rights. (*Id.* at 3). Allegations of interference with legal mail implicate an inmate's rights under both the First and Fourteenth Amendments. *Turner v. Safley*, 482 U.S. 78, 84 (1987); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). The Court will construe Plaintiff's reference to the Fifth Amendment as a claim of infringement on her constitutional right of meaningful access to the courts under the Due Process clause of the Fourteenth Amendment. However, Plaintiff's allegations do not rise to the level of a violation of her rights under either the First or Fourteenth Amendments.

To begin, the Seventh Circuit narrowly defines "legal mail" as mail from an attorney or marked as confidential or privileged. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Legal mail does not include mail from a court or court clerk that is related to a legal proceeding but otherwise a matter of public record. *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1995). Correspondence from state and federal agencies is not considered legal mail. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) (plaintiff's correspondence from the federal district court, the U.S. Departments of Justice and Homeland Security, and the Wisconsin Department of Corrections did not constitute legal mail, since, although "private . . . [they were] not of a nature that would give the reader insights into the prisoner's legal strategy"). Even an inmate's mail from an attorney is not considered "legal mail" if the attorney does not actually represent or seek to represent the inmate. *Kaufman*, 419 F.3d at 868.

In general, "prisoners have protected First Amendment interests in both sending and receiving mail." *Rowe*, 196 F.3d at 782. However, "[this] right does not preclude prison officials from examining mail to ensure that it does not contain contraband." *Kaufman*, 419 F.3d at 685 (citing *Wolff*, 418 U.S. at 576 and *Rowe*, 196 F.3d at 782). "Prison regulations or practices affecting a prisoner's receipt of non-legal mail . . . implicate First Amendment rights and must be 'reasonably related to legitimate penological interests,'" most importantly, prison security. *Rowe*, 196 F.3d at 782 (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989)). Even when it comes to legal mail, an inmate's constitutional rights are not absolute:

prison officials may, consistent with the First Amendment, open such mail in the presence of the inmate. *Wolff* at 576–77.[6]

"[M]erely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." *Rowe*, 196 F.3d at 782 (quoting *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987)). In *Rowe*, the Seventh Circuit held that short term, sporadic delays in receiving general, content-neutral mail did not rise to a constitutional violation. *Id.* at 782–83; *cf. Antonelli v. Sheahan*, 81 F.3d at 1431–32 (finding allegations that legal mail that was repeatedly "delayed for an inordinate amount of time" and sometimes stolen were sufficient to state a First Amendment claim).

An inmate's constitutional interest in being free from interference with her legal mail also stems from her right of access to the courts pursuant to the Fourteenth Amendment. *Wolff*, 418 U.S. at 577; *Kaufman*, 419 F.3d at 685–86; *see also Guajardo-Palma*, 622 F.3d at 802 ("[S]ince the purpose of confidential communication with one's lawyer is to win a case rather than to enrich the marketplace of ideas, it seems more straightforward to base the concern with destroying that confidentiality on the right of access to the courts[.]"). When prison officials open an inmate's legal mail—that is, mail from her attorney—outside the inmate's presence, they "*potentially* violate the inmate's rights." *Kaufman*, 419 F.3d at 686 (emphasis added).

To state a claim for denial of access to the courts, a plaintiff must plead an actual injury: she must allege how the opening of her legal mail

---

[6]The Seventh Circuit has not expressly granted inmates an affirmative right under the First Amendment to be present when prison officials open their legal mail. *See Guajardo-Palma*, 622 F.3d at 805.

Page 9 of 17
Case 2:20-cv-01435-JPS   Filed 01/08/21   Page 9 of 17   Document 10

impeded her ability to file or litigate a nonfrivolous case, such as by preventing her from meeting a filing deadline or presenting a claim. *Lewis v. Casey*, 518 U.S. at 351–54; *Kaufman*, 419 F.3d at 686. Proof of a practice of reading privileged legal mail between an inmate and her attorney may be sufficient to demonstrate injury. *Guajardo-Palma*, 622 F.3d at 805. However, "[a]n isolated interference with the confidentiality of such communications is different; its effect on prisoners' access to justice is likely to be nil." *Id.*

Plaintiff's allegations fail to state an actionable claim for relief under either the First Amendment or an access to courts theory. For Plaintiff to state a claim, she must demonstrate that the correspondence she alleges Defendants opened outside her presence was indeed "legal mail" within the Seventh Circuit's definition. She has not met this burden. She states that the mail was from the "Ozaukee County Courthouse," "State of Wisconsin Department of Justice," and "United States District Court of the Eastern District." (Docket #8 at 2, 3, 7). None of these entities is her attorney; none could have been representing her in any capacity, either as a criminal defendant or a civil plaintiff or petitioner. Moreover, mail from these entities is likely a matter of public record, or at least not so private that opening such mail would have clued Defendants into Plaintiff's legal strategy in any of her existing cases against various DOC staff. *See Guajardo-Palma*, 622 F.3d at 806 (finding that, even when Plaintiff's mail may have related to a deportation proceeding, it was not legal mail because it did not come from an attorney).

Aside from details about the senders and postmarked dates, Plaintiff's description of the mail does not allow the Court to conclude it was privileged in any way. She does not allege the mail was marked as from an attorney or clearly indicated a privileged communication. *See Kaufman*,

Page 10 of 17
Case 2:20-cv-01435-JPS   Filed 01/08/21   Page 10 of 17   Document 10

419 F.3d at 685–86. Although Plaintiff is *pro se* and the correspondence may have contained information related to her current litigation, the Court will presume the mail was public record since it was not marked as confidential. Plaintiff alleges that a DOC staff (Sergeant Gainer) verbally acknowledged to her that "[her] LEGAL mail ha[d] been opened again" (Docket #8 at 3), but this statement standing alone does not grant any special protection to the correspondence. The mail simply does not fall within the Seventh Circuit's narrow definition of legal mail. Further, even if Plaintiff's mail was marked as "court mail" (Docket #8 at 3), mail from courts does not fall within this narrow definition either.[7]

Plaintiff's claim that Defendants' conduct amounts to a "pattern and practice" that infringes on her First Amendment speech rights fails. (Docket #8 at 3). Plaintiff does not allege that any of her mail was destroyed, lost, stolen, tampered with, or inordinately delayed. *Cf. Antonelli v. Sheahan*, 81 F.3d at 1431–32; *Smith v. Wis. Dep't of Corr.*, No. 17-CV-667-PP, 2020 WL 3964807, at *9 (E.D. Wis. July 13, 2020) (allowing plaintiff's complaint to proceed because he alleged DOC staff had repeatedly forwarded his legal mail to a District Attorney). It appears that each piece of mail that DOC staff

---

[7]As Plaintiff points out, (Docket #8 at 7), Wisconsin DOC regulations state:

> "Institution staff may not open or read for inspection mail sent by an inmate to any of the parties listed in pars. (a) to (j) [including (i) the clerk or judge of any state or federal court], unless the security director has reason to believe that the mail contains contraband. Institution staff may open mail received by an inmate from any of these parties in the presence of the inmate."

WIS. ADMIN. CODE § DOC 309.04(3). However, violation of a state regulation does not rise to the level of constitutional violation. *See infra* Part 2.3.4.

opened was given to her promptly, within two days of the postmark date. *See* (Docket #8 at 3–4, 7). Although DOC staff allegedly opened her mail on four occasions, the Court cannot conclude that the repetitiousness of this conduct *alone* amounts to a content-based disruption to her mail or a violation of her First Amendment rights. Moreover, the DOC's policy of opening inmates' mail appears to be reasonably related to the legitimate penological interest of prison security—Plaintiff alleges no facts that would allow the Court to conclude otherwise.

Similarly, Plaintiff has failed to sufficiently plead a Fourteenth Amendment access to courts claim because she has not alleged Defendants' opening her mail injured her in any way. She has not pointed to any specific case or claim that she was unable to litigate because Defendants opened her mail. She does not allege Defendants' conduct caused her to miss any important filing deadlines. Although Plaintiff alleges her mail was opened on repeated occasions, such a practice is only cognizable under an access to courts theory if the mail in question was indeed legal mail from an attorney. *Guajardo-Palma*, 622 F.3d at 805. As already discussed, Plaintiff's allegations do not establish the correspondence was legal mail within the Seventh Circuit's definition.

Accordingly, the Court must conclude that Plaintiff has not stated a viable claim that her rights under the First or Fourteenth Amendments were violated, and her amended complaint may not proceed on those grounds.

### 2.3.2 Sixth Amendment Claims

Plaintiff's allegations as to the Sixth Amendment similarly fail to state a claim upon which relief may be granted. For the purposes of Section 1983 claims, the Sixth Amendment's protection is limited in scope. The Sixth Amendment provides for a right to counsel in a criminal proceeding

Page 12 of 17
Case 2:20-cv-01435-JPS    Filed 01/08/21    Page 12 of 17    Document 10

and, by extension, protects the confidentiality of communications between an incarcerated defendant and the attorney representing the defendant in the criminal proceeding. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). It does not, however, protect any and all legal mail from any and all inspection by correctional staff; consistent with the Sixth Amendment, correctional staff may open mail from the inmate's attorney if the inmate is present when it is opened. *Id.*

Plaintiff alleges Defendants violated her rights under the Sixth Amendment by opening her mail from the Ozaukee County Circuit Court, Wisconsin Department of Justice, and United States District Court for the Eastern District of Wisconsin. (Docket #8). These allegations do not articulate a viable claim for relief, since she does not allege the mail related to a criminal prosecution or was from an attorney. Thus, the Court concludes that Plaintiff's amended complaint fails to state a claim under the Sixth Amendment.

### 2.3.3 Alleged Violations of Federal Law

In addition to her constitutional claims, Plaintiff alleges Defendants violated "Federal Law." (Docket #8 at 4). Section 1983 is not itself a source of substantive rights, but provides a cause of action against defendants who, acting under color of state law, infringe on a right guaranteed by federal statute. *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997). However, Section 1983 does not impose free-floating liability for violation of *any* federal statute—a court must determine whether the statutory provision actually confers a right to the Plaintiff. *Id.* In the present case, Plaintiff does not specifically reference a federal statute, or any rights guaranteed by federal statute, that she believes Defendants violated. Plaintiff's claimed violation of federal law is conclusory and does not allow the Court to draw

any inference that Defendants may be liable for a violation of a right guaranteed by federal statute. Therefore, Plaintiff's amended complaint may not proceed on violations of unspecified "Federal Law."

### 2.3.4 Alleged Violations of Department of Corrections Regulations

Plaintiff additionally states Defendants violated her rights when they failed to follow Wisconsin Department of Corrections regulations requiring that legal mail be opened in the inmate's presence. (Docket #8 at 7). A plaintiff may not bring a claim under Section 1983 for a violation of a state law or regulation. *Sandin v. Connor*, 515 U.S. 472, 478–83 (1995); *Guajardo-Palma*, 622 F.3d at 806 (upholding dismissal of prisoner's Section 1983 claim that his legal mail was opened outside his presence even though Wisconsin Department of Corrections regulations prohibited such practice). Plaintiff's claim that Defendants violated DOC regulations is not, on its own, legally cognizable under Section 1983 and may not proceed.

## 3. CONCLUSION

Based on the foregoing, Plaintiff has failed to state a viable claim for relief against Defendants. However, the Court will allow Plaintiff an opportunity to amend her complaint to expound upon her allegations against Defendants. If she chooses to offer a second amended complaint, Plaintiff should provide the Court with sufficient facts to address whether: 1) the mail that was opened was from an attorney or about a criminal prosecution; and 2) the opening of her mail impeded her ability to file or litigate a nonfrivolous case. Plaintiff's second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate her rights.

The Court is enclosing a copy of its amended complaint form and guide. Plaintiff must list all of the Defendants in the caption of her second amended complaint. She should use the spaces on pages two and three to allege the key facts that give rise to the claims she wishes to bring, and to describe which Defendants she believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the amended and original complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the second amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's amended motion for leave to proceed without prepayment of the filing fee (Docket #9) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Docket #8) fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint that complies with the instructions in this order on or before **February 1, 2021**. If Plaintiff files a second amended complaint by the deadline, the Court will screen the second amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case based on her failure to state a claim in her amended complaint and will issue her a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form with related guide, as well as a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from her institution trust account the $279.98 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to her trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with her remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[8] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[8]The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.